IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) C. A. No.:_____ <br> MED-DESIGN CORPORATION and MDC ) <br> INVESTMENT HOLDINGS, INC., ) <br> ) <br> Defendants. ) | |

## COMPLAINT

Plaintiff BECTON, DICKINSON AND COMPANY ("BD"), by its undersigned attorneys, brings this action against defendants MED-DESIGN CORPORATION ("Med-Design") and MDC INVESTMENT HOLDINGS, INC. ("MDC"), and complains and alleges as follows:

### JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original subject matter jurisdiction over this action because it arises under Title 35 of the United States Code ("the Patent Act") and involves correction of inventorship under 35 U.S.C. § 256.

2. Venue is proper in this Judicial District under 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

3.  Plaintiff BD is a New Jersey corporation having its principal place of business at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

4.  On information and belief, defendant Med-Design is a Delaware corporation having a principal place of business at 2810 Bunsen Avenue, Ventura, California 93003.

5.  On information and belief, defendant MDC, which is a wholly-owned subsidiary of Med-Design, is a Delaware corporation having a principal place of business at 900 North Market Street # 200, Wilmington, Delaware 19801.

## FACTUAL BACKGROUND

6.  In or about February 1999, BD and Med-Design began a collaborative effort to develop a tilted, retractable fluid collection device.

7.  From in or about 1999 to in or about 2000, BD employees, including but not limited to William Saulenas, Michelle V. Sullivan and Bradley Wilkinson, and Med-Design employees, including but not limited to Robert T. McWethy, Michael J. Botich and Thor R. Halseth, collaborated to design a tilting, retractable fluid collection device.

8.  Med-Design has obtained two United States Patents based on collaborative work done with BD.

9.  On February 25, 2003, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. 6,524,276 ("the '276 patent") to MDC

as the assignee of the named inventors Thor R. Halseth, Michael J. Botich and Robert T. McWethy. A copy of the '276 patent is attached as Exhibit A.

10. The '276 patent is directed to a fluid collection device comprising a tilted, retractable needle. More specifically, the '276 patent is directed to a fluid collection device in which tracks guide the needle rearward during retraction of the needle.

11. On July 17, 2001, the USPTO issued United States Design Patent No. D445,183 ("the '183 design patent") to MDC as the assignee of the named inventors Robert T. McWethy, Michael J. Botich and Thor R. Halseth. A copy of the '183 patent is attached as Exhibit B.

12. The '183 design patent is directed to an ornamental design for a needle-bearing medical device.

13. William Saulenas, Michelle V. Sullivan and Bradley Wilkinson, each BD employees during the collaboration between BD and Med-Design, invented subject matter claimed in the '276 patent. William Saulenas, Michelle V. Sullivan and Bradley Wilkinson, however, are not named as inventors on the '276 patent.

14. Bradley Wilkinson, a BD employee, invented subject matter claimed in the '183 design patent. Bradley Wilkinson, however, is not listed as an inventor on the '183 design patent.

15. BD has notified Med-Design that William Saulenas, Michelle V. Sullivan and Bradley Wilkinson invented subject matter claimed in the '276 patent and that they should be named as inventors on the patent.

16. BD has notified Med-Design that Bradley Wilkinson invented subject matter claimed in the '183 design patent and that he should be named as inventor on the design patent.

17. William Saulenas, Michelle V. Sullivan and Bradley Wilkinson have an obligation to assign rights to inventions made by them in the course of their employment, solely or jointly, to BD.

18. As co-owner of the '276 patent and the '183 design patent, BD has the right to exclude others from making, using, offering for sale, selling, or importing into the United States the inventions recited in the claims of the '276 patent and the '183 design patent.

19. Med-Design has not corrected inventorship of the '276 patent and the '183 design patent. Med-Design's inaction will cause BD irreparable harm, because, among other things, Med-Design's inaction jeopardizes the validity of the '276 patent and the '183 design patent.

## COUNT 1

### CORRECTION OF INVENTORSHIP OF THE '276 PATENT UNDER 35 U.S.C. § 256 TO ADD WILLIAM SAULENAS AS AN INVENTOR

20. BD repeats and realleges the allegations set forth in paragraphs 1 through 19 above.

21. William Saulenas is an inventor of at least one claim of the '276 patent.

22. The failure to name William Saulenas as an inventor of the '276 patent arose without any deceptive intent on the part of William Saulenas.

23. By reason of the foregoing, BD is entitled under 35 U.S.C. § 256 to an Order of the Court requiring the Director of the Patent and Trademark Office to issue a certificate of correction adding William Saulenas as an inventor of the '276 patent.

## COUNT 2

### CORRECTION OF INVENTORSHIP OF THE '276 PATENT UNDER 35 U.S.C. § 256 TO ADD MICHELLE V. SULLIVAN AS AN INVENTOR

24. BD repeats and realleges the allegations set forth in paragraphs 1 through 23 above.

25. Michelle V. Sullivan is an inventor of at least one claim of the '276 patent.

26. The failure to name Michelle V. Sullivan as an inventor of the '276 patent arose without any deceptive intent on the part of Michelle V. Sullivan.

27. By reason of the foregoing, BD is entitled under 35 U.S.C. § 256 to an Order of the Court requiring the Director of the Patent and Trademark Office to issue a certificate of correction adding Michelle V. Sullivan as an inventor of the '276 patent.

### COUNT 3

### CORRECTION OF INVENTORSHIP OF THE '276 PATENT UNDER 35 U.S.C. § 256 TO ADD BRADLEY WILKINSON AS AN INVENTOR

28. BD repeats and realleges the allegations set forth in paragraphs 1 through 27 above.

29. Bradley Wilkinson is an inventor of at least one claim of the '276 patent.

30. The failure to name Bradley Wilkinson as an inventor of the '276 patent arose without any deceptive intent on the part of Bradley Wilkinson.

31. By reason of the foregoing, BD is entitled under 35 U.S.C. § 256 to an Order of the Court requiring the Director of the Patent and Trademark Office to issue a certificate of correction adding Bradley Wilkinson as an inventor of the '276 patent.

## COUNT 4

### CORRECTION OF INVENTORSHIP OF THE '183 DESIGN PATENT UNDER 35 U.S.C. § 256 TO ADD BRADLEY WILKINSON AS AN INVENTOR

32. BD repeats and realleges the allegations set forth in paragraphs 1 through 31 above.

33. Bradley Wilkinson is an inventor of the claim of the '183 design patent.

34. The failure to name Bradley Wilkinson as an inventor in the '183 design patent arose without any deceptive intent on the part of Bradley Wilkinson.

35. By reason of the foregoing, BD is entitled under 35 U.S.C. § 256 to an Order of the Court requiring the Director of the Patent and Trademark Office to issue a certificate of correction adding Bradley Wilkinson as an inventor of the '183 design patent.

### PRAYER FOR RELIEF

WHEREFORE, BD respectfully requests this Court to enter judgment in its favor as follows:

1. Ordering the Director of the U.S. Patent and Trademark Office to issue a certificate of correction naming William Saulenas as an inventor of U.S. Patent No. 6,524,276;

2. Ordering the Director of the U.S. Patent and Trademark Office to issue a certificate of correction naming Michelle V. Sullivan as an inventor of U.S. Patent No. 6,524,276;

3.  Ordering the Director of the Patent and Trademark Office to issue a certificate of correction naming Bradley Wilkinson as an inventor of U.S. Patent No. 6,524,276;

4.  Ordering the Director of the U.S. Patent and Trademark Office to issue a certificate of correction naming Bradley Wilkinson as an inventor of U.S. Design Patent No. D445,183;

5.  Awarding to BD its costs and expenses incurred in this action as allowed by law, together with its reasonable attorneys' fees for bringing this action; and

6.  Awarding to BD such other and further relief as this Court may deem just and proper.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Kevin J. Culligan
John P. Hanish
Bhavana Joneja
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100

Dated: November 9, 2005

By: _____
Richard L. Horwitz
David E. Moore
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Becton, Dickinson and Company*

706707